IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JKD HOLDINGS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:21-CV-0276-D (BH) |
| | ) | |
| NARASH PRAJAPATI, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice because the *pro se* individual may not prosecute this action on behalf of the artificial entity plaintiff without legal counsel, and alternatively, because it failed to prosecute this case or follow orders of the court.

## I.  BACKGROUND

This case was initiated by *Memorandum Supporting Notice of Removal 28 USC §§ 1441, 1446*, filed February 8, 2021, signed by Joseph Dingler.  (*See* doc. 1.)  Although the filing initially appeared to seek to remove a state eviction case against Mr. Dingler, it listed JKD Holdings as the plaintiff and appeared to seek to assert claims on its behalf against an individual who was involved in the state eviction case.  (*See id.*)[2]

By *Notice of Deficiency and Order* dated February 10, 2021, Mr. Dingler was notified that because he is not a licensed attorney, he could not represent the artificial entity plaintiff, and that it must appear through licensed counsel within fourteen days.  (*See* doc. 3.)  The order specifically advised that if licensed counsel did not enter an appearance on behalf of the artificial entity within

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

[2]  Mr. Dingler separately removed the eviction proceedings against him on February 8, 2021.  *See Studio 6 v. Dingler*, No. 3:21-CV-00275-B-BH (N.D. Tex. Feb. 16, 2021) (consolidating this case with another eviction case); *Studio 6 v. Dingler*, No. 3:21-CV-00278-B-BH (N.D. Tex. Mar. 10, 2021) (remanding eviction cases).

that time, dismissal of its claims would be recommended. (*Id.*) It also notified Mr. Dingler that the artificial entity had not paid the filing fee for this case, and that because only a natural person may qualify to proceed *in forma pauperis*, it must pay the filing fee within fourteen days of the order. (*Id.*) Finally, it noted that the civil complaint did not comply with Rule 8(a) of the Federal Rules of Civil Procedure, and that the artificial entity plaintiff must submit an amended complaint that complied with the rule within fourteen days. (*Id.*) The order specifically warned that a failure to comply with its terms could result in the dismissal of his case. (*Id.*)

On February 14, 2021, Mr. Dingler filed an amended complaint on behalf of the artificial entity plaintiff in his purported capacity as its manager. (*See* doc. 5.) It named as defendants the same individual initially named in this case, as well as two state judges and a corporate defendant. (*See id.*) He also submitted a proposed order granting leave to proceed without prepayment of the fees. (*See* doc. 6.) On February 18, 2021, he re-filed his original memorandum in support of a notice of removal, but with 60 attachments; they included filings from a state court case filed on behalf of the artificial entity by Mr. Dingler against the same individual defendant originally named in this case and two corporate defendants. (*See* docs. 7; 7-2; 7-10; 7-19; 7-22; 7-30; 7-32; 7-33; 7-35; 7-36; 7-37; 7-42; 7-43; 7-44; 7-45; 7-46; 7-47; 7-48; 7-49; 7-51; 7-52; 7-55; 7-56; 7-57; 7-58; 7-59.) From the attachments, it appears that Mr. Dingler may be attempting to remove the state case he filed on behalf of the artificial entity, asserting various state law claims, and to sue additional parties. (*See* docs. 7-30; 7-57; 5.)

Nothing else has since been filed in this case. On March 9, 2021, the *Notice of Deficiency and Order* dated February 10, 2021 was returned as undeliverable. (*See* doc. 8.) Well more than fourteen days from the date of the order have passed, but no licensed attorney has appeared on

2

behalf of the artificial entity plaintiff, and it has not paid the filing fee for this case.

## II. ARTIFICIAL ENTITY

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. It is well-established that although individuals have the right to represent themselves or proceed *pro se* under this statute, corporations are fictional legal persons who can only be represented by licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004) (*per curiam*) (citing *Rowland* and *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (*per curiam*)); *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 54-56 (5th Cir. 1982). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted). The rationale for this long-standing rule applies equally to "all artificial entities", such as partnerships and associations. *Rowland*, 506 U.S. at 202. As a cross between a corporation and a partnership, a limited liability company is also an artificial entity that may only appear in federal court through licensed counsel. *See U.S. v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008)*; Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (*per curiam*); *Roscoe v. U.S.*, 134 Fed. App'x 226, 227 (10th Cir. 2005); *see also Lan Wu v. Frost Nat. Bank*, 3:12-cv-772-M, 2012 WL 1549515 (N.D. Tex. Apr. 5, 2012); *Walker v. Allianz Life Ins. Co.*, 3:08-CV-2051-M, 2009 WL 1883418, at *3 (N.D. Tex. June 30, 2009). When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *See Donovan,* 736 F.2d at 1005.

Here, Mr. Dingler conceded that he is not a licensed attorney, so he may not represent the artificial entity plaintiff. Because the artificial entity failed to appear through licensed counsel, its claims should be dismissed.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Only a natural person may qualify to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See Rowland*, 506 U.S. 194. The artificial entity plaintiff was therefore ordered to pay the filing fee within fourteen days. It failed to comply with the order to pay the filing fee despite a warning that failure to do so could result in dismissal of the case. Because it failed to follow a court order or otherwise show that it intends to proceed with this case, the case should be dismissed for failure to prosecute or follow orders of the court.

### IV. RECOMMENDATION

Because the *pro se* individual may not prosecute this action on behalf of the artificial entity plaintiff without legal counsel, the entity's claims should be dismissed without prejudice, unless licensed counsel enters an appearance on its behalf within the time for objection to this recommendation, or by some other deadline set by the court. Alternatively, this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the entity pays the filing fee within the time for objecting to this recommendation,

or by some other deadline set by the court.

**SO RECOMMENDED on this 6th day of May, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE